Eastern District of Kentucky
FILED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON

NOV - 9 2006

CIVIL ACTION NO. 06-103 (WOB)

OMNICARE, INC.                                                    PLAINTIFF

VS.                    MEMORANDUM OPINION AND ORDER

UNITEDHEALTH GROUP, INC.,
ET AL.                                                            DEFENDANTS

This matter is before the court on defendants' motion to transfer venue (Doc. #21) or, in the alternative, to dismiss (Doc. #29).

The court heard oral argument on these motions on Wednesday, November 8, 2006. Representing the plaintiff were Harvey Kurzweil, William Robinson, Brian McGrath, Aldo Bidini, John Harkrider, Susanna Torpey, and Mark Kobasuk. Representing the defendants were Frederick Erny and Tom Undlin. Official court reporter Joan Averdick recorded the proceedings.

### *Motion to Transfer*

In the Sixth Circuit, a motion to transfer based on a forum selection clause is to be treated as a motion to transfer under 28 U.S.C. § 1404(a). *Kerobo v. Southwestern Clean Fuels, Corp*, 285 F.3d 531, 535 (6th Cir. 2002).

"Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized case-by-case consideration of convenience and

fairness." *Stewart Organization, Inc. v. Ricoh*, 487 U.S. 22, 29 (1988). A forum selection clause, while not conclusive, is a "significant" factor in this analysis. *Id.*

In *Kentucky Speedway, LLC v. Nat'l Ass'n of Stock Car Auto Racing, Inc.*, 406 F. Supp.2d 751, 755 (E.D. Ky. 2005), this court summarized other factors that courts consider when deciding these motions:

> [T]he Court must examine a number of factors, including (1) convenience of the parties and the witnesses, (2) accessibility of sources of proof, (3) the costs of securing testimony from witnesses, (4) practical problems associated with trying the case in the least expensive and most expeditious fashion, and (5) the interests of justice. *Id*; *see also Keweenaw Konvenience, Inc. v. Commerce & Indus. Ins. Co.*, No. 5:00-CV-111, 2001 U.S. Dist. LEXIS 247, at *5 (W.D. Mich. Jan. 11, 2001); *see also Moses v. Business Card Express, Inc.*, 929 F.2d 1131, 1136-7 (6th Cir.), *cert. denied*, 502 U.S. 821, 112 S. Ct. 81, 116 L. Ed.2d 54 (1991). Other factors include (1) the relative congestion in the courts of the two forums, (2) the public's interest in having local controversies adjudicated locally, (3) the relative familiarity of the two courts with the applicable law, (4) the plaintiff's original choice of forum, and (5) whether the parties have agreed to a forum selection clause. *See* MOORE'S FEDERAL PRACTICE § 111.13(1)(b) at 111-66-67 (3d ed.)."

*Id.* (citation omitted).

As an initial matter, Omnicare does not dispute that this case could originally have been brought in the United States District Court for the Northern District of Illinois, which is one requirement for transfer under § 1404(a). Thus, this condition is satisfied.

2

1. **Forum Selection Clause**

The Pharmacy Network Agreement ("Agreement") at issue contains the following clause:

> **Governing Law.** This Agreement will be construed and governed according to the laws of the State of Illinois. The courts of the State of Illinois shall have exclusive jurisdiction over the parties with respect to any dispute or controversy between them arising under or in connection with this Agreement . . . These consents to jurisdiction shall not be deemed to confer rights on any person other than the parties to this Agreement.

Agreement ¶ 7.4.

The Sixth Circuit has stated that such clauses should generally be enforced "unless enforcement is shown to be unfair or unreasonable." *Security Watch, Inc. v. Sentinel Sys., Inc.*, 176 F.3d 369, 374 (6th Cir. 1999) (citations omitted). Plaintiff, however, makes several arguments as to why this clause should not be enforced.

Plaintiff first argues that United is not a party to this Agreement and thus, under the terms of the forum selection clause, United may not seek its enforcement. However, the court notes that the Agreement explicitly states that WHI was contracting with Omnicare <u>on behalf of</u> Plan Sponsors, including United, and that United is explicitly identified as such. (Agreement, Recital B and Exh. A) Omnicare's obligations under this Agreement -- to provide certain products and services to Plan Enrollees -- clearly flow to United's benefit as a Plan Sponsor.

Omnicare's argument that United was not in fact the real party

3

in interest to this Agreement is belied by the allegations in the Complaint:

> Before consummating the acquisition of PHS, UHG [United][1] through its agent, Walgreens Health Initiatives, Inc. ("WHI"), a pharmacy benefits manager or "PBM," negotiated with Omnicare to obtain access to Omnicare's extensive network of IP . . . . <u>These negotiations culminated with the execution of a contract between UHG [United] (through WHI) and Omnicare</u> on July 29, 2005 ("the UHG Agreement) . . . .

Complaint ¶ 7 (emphasis added). *See also* Complaint ¶ 33 ("After extensive negotiations, on July 29, 2005, Omnicare entered into a negotiated Part D Agreement <u>with UHG</u>, by and through its agent, WHI, which represented that it possessed full authority to contract with Omnicare on UHG's behalf.").

Throughout the remainder of the Complaint, Omnicare refers to this contract as "the UHG Agreement." Further, Omnicare alleges that it communicated directly with United, not WHI, on all subsequent matters pertaining to this Agreement. The court thus concludes that United is not precluded from invoking the forum selection clause contained in the Agreement.

Second, plaintiff argues that the claims in this lawsuit do not fall within the scope of the forum selection clause. As noted, however, that clause sweeps rather broadly, covering "any dispute or controversy between them arising under <u>or in connection with this Agreement</u>." (Agreement ¶ 7.4)

While Omnicare has not alleged claims for breach of contract,

---

[1] Plaintiff uses the abbreviation "UHG" to refer to United.

4

its antitrust and related claims are clearly brought "in connection with" the United Agreement. The allegations of the Complaint are replete with references to this contract and its provisions. Indeed, Omnicare alleges that United entered into this agreement as part of its overall scheme to acquire Omnicare's desirable network of pharmacies and then to renege on its contractual promises by switching its enrollees to the PHS contract. Complaint, ¶ 61 ("UHG's decision to withdraw from <u>the UHG Agreement</u> was motivated by its desire to avoid its obligations under that agreement to provide its insureds with the benefits of the 18 contractual long-term care patient protections built into that contract . . . .") (emphasis added). *See Bense v. Interstate Battery Sys. Of Am., Inc.*, 683 F.2d 718, 720 (2d Cir. 1982) ("Although the complaint was brought pursuant to federal antitrust law, the gist of Bense's claim is that Interstate wrongfully terminated the agreement, thereby damaging Bense."); *Elite Physicians Serv., LLC v. Citicorp Payment Serv., Inc.*, No. 1:05-CV-344, 2006 WL 752536, at *5 (E.D. Tenn. Mar. 17, 2006).

Further, in its prayer for relief, Omnicare seeks a declaration that "the PHS Any Willing Provider Contract is null and void in its present form and reforming it so that it contains the patient protections and reimbursement provisions of the UHG Agreement," as well as a declaration "<u>that the UHG Agreement is effective and that UHG must honor the terms of that agreement for</u>

5

<u>all its covered lives.</u>" Complaint at 27 (emphasis added).

Thus, while Omnicare has omitted a breach of contract claim from its complaint, it seeks in effect the same remedy that such a cause of action would afford. Given that the United contract is at the center of this dispute, and that Omnicare seeks to enforce its terms, Omnicare's argument that this action is not brought "in connection with" that contract is not well-taken.[2]

### 2. Other § 1404(a) Factors

Of the other factors relevant to the § 1404(a) analysis, only the plaintiff's choice of venue weighs against transfer. Omnicare's headquarters are here in Covington, Kentucky, and it alleges that many witnesses are located here.

However, United alleges, and Omnicare does not dispute, that many witnesses are also located in Illinois (where WHI is based), Minnesota, California, and perhaps other states. As the Sixth Circuit has noted, "[u]nless all parties reside in the selected jurisdiction, any litigation will be more expensive for some than for others." *Moses v. Business Card Express, Inc.*, 929 F.2d 1131, 1139 (6th Cir. 1991). Such expenses are not a reason for failing to enforce a forum selection clause. *Id.*

---

[2] Omnicare also argues that transfer is not appropriate because the forum selection clause speaks of "the courts of the State of Illinois" and this court can only transfer a case to another federal court. However, the court concludes that the subject phrase may reasonably be interpreted to include both state and federal courts, and plaintiff has introduced no evidence that the parties intended otherwise.

6

Omnicare asserts that the public interest favors litigation in this court, but unlike the facts of *Kentucky Speedway*, Omnicare has not shown that its claims implicate any significant economic interest specific to Northern Kentucky. Indeed, as Omnicare alleges in its complaint, the IP services it provides are nationwide, and thus the remedy sought for the alleged anticompetitive harm would affect individuals in 47 states in the U.S. The case thus does not raise a significant local public interest.

The other relevant factors appear to be neutral. Both United and Omnicare are large, sophisticated corporate entities, and Omnicare alleges no unequal bargaining power or any fraud in the negotiation of the forum selection clause. Omnicare also does not contend that the Northern District of Illinois is congested or would be unable to adjudicate this matter. As for the alleged greater inconvenience in travel between the airport and federal courthouse in Illinois as compared to Kentucky, the court concludes that such factor is not deserving of great weight in this overall analysis.

In sum, the significance to be afforded a valid forum selection clause outweighs the plaintiff's choice of venue, and, all other factors being in equipoise, the motion to transfer venue should be granted. *See Creditors Collection Bureau, Inc. v. Access Data, Inc.*, 820 F. Supp. 311, 313 (W.D. Ky. 1993).

7

Given this ruling, the court will not reach the issues raised by defendants' alternative motion to dismiss.

Therefore, having reviewed this matter, and the court being otherwise sufficiently advised,

**IT IS ORDERED** that: (1) defendants' motion to transfer venue (Doc. #21) be, and is hereby, **GRANTED**, and this matter is hereby **TRANSFERRED to the United States District Court for the Northern District of Illinois**; and (2) defendants' alternative motion to dismiss (Doc. #29) be, and is hereby, **DENIED WITHOUT PREJUDICE**, with leave to refile in the transferee court.

This 9th day of November, 2006.

_William O. Bertelsman_
**WILLIAM O. BERTELSMAN, JUDGE**

TIC: 32 min.

8